IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JASON E. ROGERS, #254 032, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 2:13-CV-227-WHA |
| | ) | [WO] |
| WARDEN BOYD, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner, Jason Rogers, on April 8, 2013.[1] Petitioner presents claims challenging the constitutionality of his May 8, 2007 conviction in the Autauga County Circuit Court, pursuant to his plea of guilty, for violating Alabama Code § 13A-6-110 (solicitation of a minor by a computer). Specifically, Petitioner claims:

1. He was illegally extradited from Oklahoma without the Governor's approval;

2. The trial court engaged in "illegal non-action" regarding his Rule 32 petition;

3. The grand jury returned a defective indictment against him;

4. Trial counsel operated under a conflict of interest;

---

[1] Although the present petition was stamped "filed" in this court on April 10, 2013, the petition was signed by Petitioner on April 8, 2013. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Rogers] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers April 8, 2013 to be the date of filing.

5. His conviction violated the *Ex Post Facto* Clause;

6. Alabama Code §§ 13A-6-110 and -111 were misinterpreted and § 13A-6-122 is defective;

7. He was subjected to illegal entrapment;

8. His mother's home was subjected to an illegal search and seizure;

9. His guilty plea was involuntary and coerced;

10. The trial court conspired and engaged in fraudulent acts with other State actors to illegally convict him.

Doc. 1.[2]

Respondents maintain that the petition is time-barred by the one-year federal limitation period applicable to § 2254 petitions. *See* 28 U.S.C. § 2244(d). Respondents also maintain that Petitioner failed to exhaust his remedies in the state courts, but simultaneously argue that Petitioner's claims can no longer be presented in state court, and therefore are procedurally default. Doc. 5. Upon review of the pleadings, evidentiary materials, and applicable law, the court concludes that no evidentiary hearing is required and that that petition should be denied as untimely in part and unexhausted in part.

## II. DISCUSSION

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] Document numbers ("Doc.") are those assigned by the Clerk of Court in this habeas action. References to exhibits ("Exh.") are to those included with Respondents' Answer, Doc. 5. All page references are to those assigned by CM/ECF.

2

>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**A.    State Court Proceedings**

The exhibits submitted by Respondents reflect that on August 18, 2006 an Autauga County Grand Jury indicted Petitioner on one count of soliciting a child by computer in violation of Alabama Code § 13A-6-110 and one count of transmitting obscene material to a child by computer in violation of Alabama Code § 13A-6-111.  Pursuant to a plea agreement, Petitioner entered a guilty plea on May 8, 2007, admitting to a violation of § 13A-6-110.[3]  The charge under § 13A-6-

---

[3]At the time, Alabama Code § 13A-6-110 provided:
>   In addition to the provisions of Section 13A-6-691, a person is guilty of solicitation of a child by a computer if the person is 19 years of age or older and the person knowingly, with the intent to commit an unlawful sex act, entices, induces, persuades, seduces, prevails, advises, coerces, or orders, by means of a computer, a child who is less than 16 years of age and at least three years younger than the defendant, to meet with the defendant or any other person for the purpose of engaging in sexual intercourse, sodomy, or to engage in a sexual performance, obscene sexual performance, or sexual conduct for his or her benefit.

Section 13A-6-110 was repealed on May 22, 2009, and Alabama Code § 13A–6–122 (1975) then took effect, altering the language of the repealed section and providing:
>   In addition to the provisions of Section 13A–6–692, a person who, knowingly, with the intent to commit an unlawful sex act, entices, induces, persuades, seduces, prevails, advises, coerces, lures, or orders, or attempts to entice, induce, persuade, seduce, prevail, advise, coerce, lure, or order, by means of a computer, on-line service, Internet service, Internet bulletin board service, weblog, cellular phone, video game system, personal data

111 was dismissed. On June 27, 2007, the trial court sentenced Petitioner to ten years in prison. He did not file a direct appeal. Doc. 5, Exhs. A–C.

On June 24, 2010, Petitioner sought post-conviction relief under Alabama Rule of Criminal Procedure 32 in the trial court. The trial court denied the Rule 32 petition on March 30, 2011, holding that the petition established no material issues of fact that would entitle him to relief. Petitioner did not appeal the denial. Doc. 5, Exhs. D–F.

Prior to the trial court's order denying his Rule 32 post-conviction petition, Petitioner, on November 5, 2010, filed with the Alabama Court of Criminal Appeals a "Petition for Writ of Certiorari and/or Motion for Default Judgment and/or Writ of Mandamus." The appellate court denied the petition on November 22, 2010. On January 12, 2011, the Alabama Supreme Court denied Petitioner's petition for mandamus and on January 25, 2011 it struck Petitioner's motion for default. Doc. 5, Exhs. G–J.

**B.     Application of the Federal Limitation Period**

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run when the time for seeking direct review of the challenged judgment expires. As noted, Petitioner filed no direct appeal of his 2007 conviction. Since Petitioner failed to undertake the direct appeal process, he could not petition the United States Supreme Court for review of his conviction. For purposes of federal habeas review, Petitioner's conviction became final on August 8, 2007—42 days after imposition of sentence—as this is the date on which his

---

assistant, telephone, facsimile machine, camera, universal serial bus drive, writable compact disc, magnetic storage device, floppy disk, or any other electronic communication or storage device, a child who is at least three years younger than the defendant, or another person believed by the defendant to be a child at least three years younger than the defendant to meet with the defendant or any other person for the purpose of engaging in sexual intercourse, sodomy, or to engage in a sexual performance, obscene sexual performance, or sexual conduct for his or her benefit or for the benefit of another, is guilty of electronic solicitation of a child . . . .

time to seek direct review expired. *See* Alabama Rule of Appellate Procedure 4(b)(1). The one-year period of limitation in § 2244(d)(1)(A) therefore began to run on this date, and ran uninterrupted until the limitation period expired on August 7, 2008.

### 1. *Statutory Tolling*

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Although Petitioner filed a Rule 32 petition with the trial court on June 24, 2010, this petition was not pending during the running of the federal limitation period because it was filed after expiration of this time period. "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-35 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). It is, therefore, clear that the state post-conviction petition filed by Petitioner on June 24, 2010 had no effect on the running of the limitation period applicable to the instant federal habeas petition. *Webster*, 199 F.3d at 1259.

### 2. *Equitable Tolling*

The Supreme Court has determined that the one-year limitation period is subject to equitable tolling when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (holding that the limitation period

"may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence"); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002). The diligence required is "reasonable diligence," not "maximum feasible diligence," *Holland*, 560 U.S. at 653, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Ct.*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, 163 F.3d 530 (9th Cir. 1998); *Miller v. New Jersey St. Dept. of Corr.*, 145 F.3d 616, 618–19 (3rd Cir. 1998); *Jones v. United States*, 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Dept. of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Sec. for the Dept. of Corr.*, 259 F.3d 1310, 1313–14 (11th Cir. 2001).

The court granted Petitioner an opportunity to show why his federal habeas petition should not be denied as filed outside the one-year limitation period prescribed by 28 U.S.C. § 2244(d). *See* Doc. 6. Petitioner argues that equitable tolling is justified by his ignorance of the law. Doc. 9. But the law is well settled that an inmate's lack of legal knowledge, failure to understand legal principles, and inability to recognize potential claims for relief in a timely manner do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period. *Wakefield v. Railroad Retirement Bd.*, 131 F.3d 967, 969 (11th Cir. 1997) (holding that ignorance of the law "is not a factor that can warrant equitable tolling"); *United States v. Sosa*, 364 F.3d 507,

512 (4th Cir. 2004) (holding that *pro se* status and ignorance of the law do not justify equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (holding that a petitioner's *pro se* status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 1999) (holding that ignorance of the law and *pro se* status do not constitute "rare and exceptional" circumstances justifying equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (noting that petitioner's *pro se* status throughout most of the period of limitation does not merit equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (holding that unfamiliarity with the legal process during the applicable filing period does not merit equitable tolling).

Petitioner next argues that he is entitled to equitable tolling because his trial attorney did not advise him he could appeal his guilty plea.[4] Doc. 9. Even if this were true, mere attorney negligence will not justify equitable tolling. *Holland*, 560 U.S. at 651-52; *see also Helton v. Sec. Dept. of Corrs.*, 259 F.3d 1310, 1313 (11th Cir. 2001) (holding where attorney misinformed the petitioner of the deadline for filing his habeas petition that no extraordinary circumstances warranted equitable tolling).

To the extent Petitioner claims that he is entitled to equitable tolling because he did not receive a copy of the trial court's order denying his Rule 32 petition until Respondents submitted a copy of the ruling with their answer, this assertion does not justify equitable tolling. As explained above, Petitioner did not file his state post-conviction petition until after the federal limitation period had already expired.

Finally, Petitioner argues he is entitled to equitable tolling because he is actually innocent of his conviction. *See* Docs. 9, 15 & 20. To support this argument, Petitioner relies on the Alabama

---

[4] The court notes that the explanation of rights form Petitioner signed contains information regarding the right of appeal following entry of a guilty plea. Doc. 5, Exh. B.

7

Court of Criminal Appeals' decision in *Tennyson v. State*, 101 So. 3d 1256 (Ala. Crim. App. 2012), which rejected the proposition that a statute prohibiting the solicitation of a child by computer also criminalizes the solicitation of an adult posing as a child.[5]

The applicability of the federal limitation period to the instant habeas petition is strictly a question of federal law. While Petitioner contends that his claims challenging the validity of his conviction and sentence present a "jurisdictional" issue not subject to the one-year limitation period of § 2244(d)(1) (Doc. 9 at 6), "neither the statute nor federal case law makes such an exception for alleged jurisdictional issues arising under state law." *Brown v. Patterson*, 2012 WL 3264896, *3 (M.D. Ala. 2012); *see Owens v. Mitchem*, 2012 WL 4009335, *3 n.3 (N.D. Ala 2012) ("There is no exception under AEDPA's statute of limitations for a § 2254 claim that the state court lacked subject matter jurisdiction."); *Nettles v. Sec. Dept. of Corr.*, 2012 WL 1309360, *2 (M.D. Fla. 2012) (citation omitted) (same). Consequently, there is no basis on which to extend the one-year deadline, and Petitioner has not demonstrated that his claims should otherwise be subject to equitable tolling. *See Sandvik*, 177 F.3d at 1271.

Petitioner filed the instant petition for federal habeas corpus relief on April 8, 2013. Under the facts of this case, the time for filing a federal habeas petition seeking to challenge his 2007 conviction on the grounds enumerated in items 1-10 of Part I, above, expired on August 7, 2008. The limitation period, therefore, expired over four years before Petitioner filed this federal habeas action, and he has failed to demonstrate that his petition as to these claims should not be dismissed

---

[5] In *Tennyson,* the defendant was convicted of violating Alabama Code § 13A-6-110 based on his communication with a detective posing as a child. On appeal, the defendant argued that he could not be convicted under § 13A-6-110 because "an actual child was never solicited even though [he] believed that he was soliciting an actual child." *Tennyson*, 101 So. 3d at 1257. The *Tennyson* court agreed, holding that "the plain language of § 13A-6-110, Ala. Code 1975, as it existed at the time of the relevant conduct, required that a defendant solicit an actual child and not an undercover officer whom he believed to be a child." *Id*. at 1262.

as untimely filed.

**C.     Unexhausted Claim**

    *1.     Actual Innocence*

Notwithstanding the untimeliness of the petition regarding issues 1-10, Petitioner argues that he is entitled to federal habeas relief because he is actually innocent of the offense of conviction. Docs. 9, 15 & 20. As noted, Petitioner relies on *Tennyson* to support the claim that he is actually innocent under Alabama Code § 13A-6-110 because the statute prohibited the solicitation of a child and did not encompass soliciting an adult posing as a child.[6]

Petitioner has never presented this particular claim in the state courts. *See* Doc. 5, Exh. D. The claim must therefore be considered unexhausted in this court. *See Rose v. Lundy*, 455 U.S. 509 (1982). Respondents argue Petitioner's claims are exhausted for purposes of habeas review. However, Petitioner's actual innocence claim is premised on his contention that the state court was without jurisdiction to render judgment or impose sentence. This type of claim is not subject to the procedural bars set forth in Alabama Rule of Criminal Procedure 32. In fact, Alabama law provides that an illegal conviction or sentence may be challenged at any time because an illegal conviction or sentence exceeds the trial court's jurisdiction and is void. *See Henderson v. State*, 895 So. 2d 364, 365 (Ala. Crim. App. 2004).

---

[6] The undisputed evidence before the court reflects that Petitioner was convicted of violating Alabama Code § 13A-6-110 based on his electronic communications with a police officer posing as a child. Doc. 9, Exh. LL at 40–46, 50–56, 60–64 & 67–69. The indictment in Petitioner's case charged him with being a "person 19 years of age or older, [who] did knowingly, with the intent to commit an unlawful sex act, entice, induce, persuade, seduce, prevail, advise, coerce, or order, by means of computer, a child, *to-wit: a Confidential Informant whose identity is known to the District Attorney's Office and who was posing as a child less than 16*, and at least three years younger than [Petitioner], to meet with [Petitioner] or any other person for the purpose of engaging in sexual intercourse, sodomy, or to engage in a sexual performance, obscene sexual performance, or sexual conduct for his benefit, in violation of Section 13A-6-110, Code of Alabama, 1975." Doc. 9, Exh. LL at 40 (emphasis added). Petitioner entered a plea of guilty to this charge on May 8, 2007. *Id.* at 62-64; Doc. 9, Exh. LL at 45-46, 50, 65 & 69.

9

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State." 28 U.S.C. § 2254(1)(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose*, 455 U.S. at 518.

> Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Id.* (brackets, internal quotation marks, and citations omitted).

The pertinent pleadings, documents and responses recently filed in this matter reveal that it is not appropriate for the court to rule on the merits of Petitioner's actual innocence claim without first requiring that he exhaust available state remedies. 28 U.S.C. § 2254(1)(b)(2). Petitioner may assert a challenge to his alleged illegal conviction and sentence in the state courts at any time. *Henderson,* 895 So. 2d 365; *Howard v. State*, 710 So. 2d 456, 459 (Ala. Crim. App. 1996). It appears from the face of the pending petition that Petitioner's actual innocence claim has not yet been exhausted in the state courts. Because this avenue of relief is still available to him, the petition

for habeas corpus relief regarding this claim should be dismissed without prejudice to allow Petitioner to pursue his state court remedies. Both comity and judicial efficiency compel the court to insist on complete exhaustion before addressing this particular claim. *See Granberry v. Greer*, 481 U.S. 129 (1987); *Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003); *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief filed by Jason Rogers regarding the claims identified in items 1-10 of Part I be DENIED with prejudice because these claims were not filed within the period of limitations established by applicable federal law; and

2. Petitioner's actual innocence claim challenging the jurisdiction of the trial court to render judgment and sentence him in 2007 for violating Alabama Code § 13A-6-110 be DISMISSED without prejudice to afford him an opportunity to exhaust all available state court remedies.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties. The parties may file any objections to this Recommendation on or before **September 19, 2016**. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon

grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE on this 29th day of August 2016.

                                        /s/ Gray M. Borden
                                        UNITED STATES MAGISTRATE JUDGE